IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG E. MENDENHALL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0628-D |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Craig E. Mendenhall, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1983, a Dallas County grand jury indicted petitioner on six counts of aggravated robbery. Petitioner plead guilty to all six counts and was sentenced to 30 years confinement. His convictions and sentences were affirmed on direct appeal. *Mendenhall v. State*, No. 05-83-00757-CR (Tex. App. --Dallas, Oct. 16, 1984). Petitioner also filed multiple applications for state post-conviction relief. All of his state writs were denied without written order. *Ex parte Mendenhall*, WR-15,135-01 (Tex. Crim. App. Jun. 11, 1986); *Ex parte Mendenhall*, WR-15,135-02 (Tex. Crim. App. Jun. 11, 1986); *Ex parte Mendenhall*, WR-15,135-03 (Tex. Crim. App. Mar. 3, 1988); *Ex parte Mendenhall*, WR-15,135-04 (Tex. Crim. App. Oct. 19, 1988); *Ex parte Mendenhall*, WR-15,135-08 (Tex. Crim. App. Jun. 25, 2008); *Ex parte Mendenhall*, WR-15,135-10 (Tex. Crim. App. Sept. 10, 2008); *Ex parte*

*Mendenhall*, WR-15,135-11, 2010 WL 455313 (Tex. Crim. App. Feb. 10, 2010). Although petitioner did not seek federal habeas relief with respect to his underlying convictions, he did file a federal writ challenging the retroactive application of Tex. Gov't Code Ann. § 508.149. That writ was dismissed on limitations grounds. *Mendenhall v. Quarterman*, No. 3-08-CV-1933-N, 2009 WL 136928 (N.D. Tex. Jan. 20, 2009), *COA denied*, No. 09-10444 (5th Cir. Nov. 9, 2009).

Undeterred, petitioner once again challenges the retroactive application of Tex. Gov't Code Ann. § 508.149.[1] Before addressing this claim, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

---

[1] Petitioner also appears to challenge the denial of medically supervised parole release and the quality of his medical care while incarcerated. However, these claims are not cognizable on federal habeas review. *See Moore v. King*, No. 08-60164, 2009 WL 122555 at *1 (5th Cir. Jan. 20, 2009), *quoting Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention.").

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE